## Philander Avery v. George W. Vail.

1. CONTRACTS—*Intention of the Parties.*—In the construction of contracts the court will endeavor to arrive at the intention of the parties.

Memorandum.—Assumpsit. In the Circuit Court of McDonough County; the Hon. CHARLES J. SCOFIELD, Judge, presiding. Declaration, special and common counts; plea, general issue; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894, and affirmed. Opinion filed October 29, 1894.

WHEAT & MELOAN and HARRIS & FLACK, attorneys for appellant.

PONTIOUS & MICKEY, attorneys for appellee.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The appellee brought an action of assumpsit against the appellant for failing to perform the following contract which was signed by appellant and delivered to appellee for a valuable consideration :

"INDUSTRY, Jan. 17, 1889.

Know all men by these presents, that this is to certify that I do hereby agree to turn over to G. W. Vail my pre-

ferred right of filing on the South East ¼ of Section 24, Township No. 21, Range 34, Finney County, Kansas, which claim was formerly filed on by Rosco D. Hiatt and contested by me, and this is to bind me to turn to said G. W. Vail, when canceled, my preferred right of filing, and upon failure to do so a forfeit of one hundred and twenty-five dollars ($125) is to be paid by me to said G. W. Vail, for which I sign my name."

The appellee recovered a verdict and judgment thereon for $125. One question now made by appellant is as to the construction of the contract. The court held that the words "when canceled" referred to the claim filed by Hiatt which appellant was contesting.

Reading the whole instrument in the light of the circumstances we think the court was correct. The literal construction contended for by appellant would render the agreement unmeaning and inoperative.

The appellee was buying the valuable preferred right of filing which appellant claimed to hold but which was also claimed by Hiatt. If Hiatt's claim, which appellant contested, was canceled, then the latter's claim had precedence and was to be turned over to appellee.

This clearly was the intention of the parties.

As to whether appellant failed to perform his agreement was a question of fact upon which the evidence was so conflicting that we must rely upon the verdict. It is not doubted that appellee did not get the preferred right of filing, and that by reason thereof he lost more than the stipulated forfeit, but whether this was through appellant's breach of contract was the point in dispute.

If the jury believed the testimony of appellee, which appellant sought to contradict and to impeach, the verdict is supported. We think it unnecessary to go into the details of the evidence and are satisfied to accept the conclusion reached by the jury.

Complaint is made of the refusal by the court to give the first instruction asked by appellant. The substance of the instruction is contained in the seventh which was given.

As to the fourth refused we are not prepared to say that the rule therein contended for is correct. We have been referred to no statute of congress or to any regulation of the land office in support of it, and in the absence of such reference are disposed to hold that the instruction was properly refused. Instruction No. 5 refused was sufficiently covered by No. 8 given. It is urged that the court improperly modified No. 13 asked by appellant. Aside from the verbal inaccuracy of using the word plaintiff for defendant which is so apparent as not to be misleading, we find nothing objectionable in the modification. Reading the entire series of instructions we think appellant has no substantial cause of complaint.

No other objections are urged, and the judgment must be affirmed.